IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

LISA ALTHAUS-ROSIERE,            )
                                 )
            Plaintiff,           )
                                 )
vs.                              )   Case No. 10-5076-CV-SW-RED
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of Social Security  )
                                 )
            Defendants.          )

## ORDER

Plaintiff Lisa Althaus-Rosiere ("Plaintiff") seeks judicial review of the Commissioner's denial of her request for supplemental security income under Title XVI. Plaintiff has exhausted all of her administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge (the "ALJ").[1]

## BACKGROUND

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

## LEGAL STANDARD

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a *de novo* review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work

that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that she is disabled. If the claimant is not able to perform her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

## ANALYSIS

Plaintiff raises three main challenges to the ALJ's determination finding that she is not disabled. Plaintiff argues that the ALJ erred in determining her RFC, the ALJ erred in weighing the opinions of her treating physicians under the regulations and the ALJ erred in assessing the credibility of her testimony.

*The ALJ did not err in determining Plaintiff's RFC and in weighing the opinions from her treating physician and her treating psychiatrist*

Plaintiff first challenges the ALJ's RFC determination by arguing that the ALJ "failed to provide a sufficient basis for the RFC," both with respect to her mental impairments and her physical impairments. (Plaintiff's Brief p. 10). Concerning Plaintiff's mental impairments, which consist of a mood disorder, chronic anxiety and depression, she argues that the only opinion evidence contained in the record is from Dr. Chad Gerhart, her treating psychiatrist. Plaintiff argues that the ALJ dismissed his opinion evidence as not being entirely consistent with other medical evidence in the record or with her ability to function at the hearing.

There are two significant medical records completed by Dr. Gerhart in the record. First is

3

a Psychological Examination for Differential Diagnosis (Tr. 356-66), whereby Dr. Gerhart administered several tests and a mental status examination of Plaintiff in order to determine her mental impairments and the impact from such impairments. Second is a Medical Source Statement - Mental (Tr. 375-76) discussing Plaintiff's ability to work in light of her mental impairments. It is worth noting that the Medical Source Statement - Mental was completed after Dr. Gerhart administered the prior tests examinations.

It is clear, after reviewing the Medical Source Statement - Mental, that the ALJ did not err in determining Plaintiff's RFC. It is worth noting that in the Medical Source Statement - Mental, Dr. Gerhart placed significant limitations on Plaintiff's "ability to maintain attention and concentration for extended periods," moderate limitations on her "ability to carry out detailed instructions" and her "ability to work in coordination with or proximity to others without being distracted by them," and moderate limitations on her "ability to interact with the general public" and with her "ability to accept instructions and respond appropriately to criticism from supervisors." (Tr. 375-76). However, Gerhart also found that Plaintiff was not significantly limited in her "ability to understand and remember very short and simple instructions" or her "ability to understand and remember detailed instructions," was not significantly limited in her "ability to carry out very short and simple instructions" or her "ability to sustain an ordinary routine without special supervision" and to "complete a normal workday and workweek." Dr. Gerhart also opined that Plaintiff did not have any significant limitations on her ability to "ask simple questions or request assistance," to "get along with coworkers or peers" or her "ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness." Finally, Dr. Gerhart did not place any significant limitations on Plaintiff's ability to adapt to changes or situations in a work environment. Thus, the only notable difference between the ALJ's RFC determination and Dr. Gerhart's opinion concerns the fact that Dr. Gerhart opined that Plaintiff could not maintain her attention or

4

concentration for extended periods, as Dr. Gerhart's Medical Source Statement - Mental is otherwise in agreement that Plaintiff could "perform simple repetitive non-public tasks with limited contact with peers and supervisors." (Tr. 15).

With respect to this issue, the Commissioner correctly notes that the medical records do not support Dr. Gerhart's opinion that Plaintiff could not maintain her attention or concentration for extended periods. Notably, the tests and mental examinations conducted by Dr. Gerhart during the Psychological Examination for Differential Diagnosis do not support this limitation. Specifically, during his evaluation of Plaintiff, he routinely noted Plaintiff's exaggeration when it came to discussing her symptoms or her problems (Tr. 359; 361; 364), the fact that she "may not have answered [the Personality Assessment Inventory] in a completely forthright manner" and that "the nature of her responses might lead the evaluator to form a somewhat inaccurate impression" of her (Tr. 361). Even more importantly, with respect to her attention and concentration, she was "observed to have psychomotor slowing (possibly due to reported sinus infection or sedation)" which "may have negatively influenced her performance on attention measures." In fact, this last finding lead Dr. Gerhart to state that a "diagnosis of an attention - or memory - related disorder was not warranted at this time." (Tr. 365). Outside of the Psychological Examination for Differential Diagnosis, no other medical evidence supports Dr. Gerhart's opinion that she is extremely limited when it comes to maintaining her attention or concentration for extended periods. Thus, it is clear that the ALJ did not err in discounting Dr. Gerhart's opinion with respect to her ability to maintain her attention or concentration, as no medical evidence, outside of one test performed during the Psychological Examination for Differential Diagnosis, discounted by Dr. Gerhart, supports his opinion. Supporting the Court's determination is the fact that an ALJ is "not obliged to defer to treating physician's medical opinions unless they are well-supported by medically acceptable clinical and laboratory diagnostic techniques and are not inconsistent with the other substantial evidence in the

5

record." *Juszczyk v. Astrue*, 542 F.3d 626, 632 (8th Cir. 2008). Therefore, the ALJ did not err in partially discounting Dr. Gerhart's opinion. Furthermore, as the portion of the RFC discussing Plaintiff's mental limitations was based on the remainder of Dr. Gerhart's opinion and other evidence discussed in the record, it is clear the ALJ did not err in determining Plaintiff's RFC.[2]

Turning to Plaintiff's physical limitations, she argues that the ALJ erred because he gave significant weight to the opinions of a consultative examiner, Dr. Sitaraman Subramanian, but the examination cannot constitute substantial evidence because it was over two years before the hearing took place. Plaintiff cites to no evidence to support the notion Dr. Subramanian's evaluation of her was "outdated" or otherwise cannot constitute substantial evidence. In fact, the record seems to support the opposite conclusion, as multiple x-rays came back with negative or unremarkable results. (Tr. 409; 410; 411; 412; 431). In Dr. Subramanian's evaulation, it was opined that Plaintiff "does not seem to have any disability in sitting, standing, handling objects, hearing, speaking or traveling, however because of her shortness of breath, cough, poorly controlled asthma and chronic obstructive airway disease and back pain she may have disability in lifting, carrying and walking long distance." (Tr. 328).

Plaintiff next argues that the ALJ improperly weighed lay person testimony as coming from a medical source in violation of *Dewey v. Astrue*, 509 F.3d 447, 449 (8th Cir. 2007), because the ALJ referred to state agency consultative physicians' opinions and a review of the record reveals that it was a lay person that completed a Physical Residual Functional Capacity Assessment which

---

[2] Plaintiff also argues that the ALJ improperly relied on his own inferences rather than Dr. Gerhart's opinion and the ALJ should have re-contacted Dr. Gerhart to more properly ascertain her limitations. The Court disagrees that the ALJ improperly substituted his own opinion for that of Dr. Gerhart, as the basis for discounting Dr. Gerhart's opinion is clearly discussed above and furthermore, an ALJ has no duty to seek a clarifying opinion from a treating physician before discounting an opinion unless a crucial issue is undeveloped, which Plaintiff has not shown to be the case. *Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005).

6

was then affirmed by a medical doctor. *See* (Tr. 330-337; 346). The Court rejects Plaintiff's argument under the well recognized proposition that a "deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency [has] no practical effect on the outcome of the case." *Draper v. Barnhart*, 426 F.3d 1127, 1130 (8th Cir. 2005). In this case a medical doctor affirmed the physical RFC assessment in the record and the fact that the ALJ mistakenly referred to two physicians as opposed to one does not impact, in any way, the evidence in the record. Notably, the physical RFC form states that Plaintiff can occasionally lift 20 pounds, frequently lift 10 pounds, can stand and/or walk for approximately 6 hours out of an 8-hour workday and can also sit for approximately 6 hours, but she should avoid exposure to "fumes, odors, dusts, gasses, [and] poor ventilation." (Tr. 331; 334). Thus, it is clear that based on Dr. Subramanian's opinion and the opinions contained within the physical RFC form as well as the multiple x-rays contained within the record, that sufficient medical evidence supports the ALJ's RFC determination.[3]

Plaintiff's final challenge to the ALJ's RFC assessment is that it is "not in proper form." (Plaintiff's Brief p. 14). Plaintiff first argues that the RFC is not in proper form because it was not set forth "in a function-by-function manner as required by Social Security Ruling (SSR) 96-8p." Plaintiff takes issue with the fact that the ALJ utilized the phrase "capacity to perform light work

---

[3] The medical evidence, most notably the multiple x-rays and opinions from other medical sources, clearly undermine the opinions of Dr. Stephen Bazzano, Plaintiff's treating physician. Dr. Bazzano completed a Medical Source Statement - Physical, which placed significantly more limitations on Plaintiff than discussed above. *See* (Tr. 379-80). Furthermore, Dr. Bazzano's opinions are largely based on Plaintiff's own subjective complaints of pain which were not verified by x-rays or other medical opinions. These are legitimate reasons for an ALJ to assign less weight to a treating physician's opinion and the ALJ did not err in doing so in this case. *See Juszczyk*, 542 F.3d at 632 (8th Cir. 2008) (noting that an ALJ may afford less weight to a treating physician's opinion where it is inconsistent with other substantial evidence in the record); *Vandenboom v. Barnhart*, 421 F.3d 745, 749 (8th Cir. 2005) (recognizing that an ALJ may decline to give controlling weight to a treating physician where it is based on a claimant's subjective complaints and is not supported by objective medical evidence).

7

as defined in 20 CFR 416.967(b)" rather than setting forth the RFC in a function-by-function manner. *Id*. The Court rejects Plaintiff's argument because SSR 96-8p specifically states that an ALJ may express the RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy," but only after the claimant's "functional limitations or restrictions" and a claimant's "work-related abilities on a function-by-function basis" are discussed. In this case the ALJ first sets forth his RFC determination and following that is a discussion supporting his determination. The Court cannot see how this approach is in error. However, even if there was somehow an error in how the ALJ expressed Plaintiff's RFC, considering the fact that the RFC is well supported by medical evidence and is supported by substantial evidence, such error would be nothing more than a "deficiency in opinion-writing" which would not warrant reversal. *Draper*, 426 F.3d at 1130.

Finally, Plaintiff argues that the ALJ did not indicate the frequency with which Plaintiff would need to alternate between sitting and standing. Plaintiff cites to SSR 96-9p in support of her proposition. However, several courts that have addressed this issue have specifically noted that where an ALJ does not elaborate on the sit/stand option, it is assumed that the option is to be exercised 'at will' or 'as needed.' *See Robinson v. Astrue*, No. 4:10CV01417 JLH, 2011 WL 5402408, at *6 (E.D. Ark. Nov. 8, 2011) (discussing and citing cases noting that a referral to a sit/stand option is typically assumed to be 'at will' or 'as needed' and requires no further elaboration). As such, the Court rejects Plaintiff's last challenge to the ALJ's RFC assessment. As the Court does not find any error in the ALJ's RFC assessment, the Court rejects Plaintiff's argument that the vocational expert's testimony is based on an improper hypothetical question and therefore did not constitute substantial evidence. *Buckner v. Astrue*, 646 F.3d 549, 560-61 (8th Cir. 2011) (noting that a vocational expert's testimony based on a proper hypothetical question constitutes substantial evidence).

*The ALJ properly assessed Plaintiff's credibility*

The final challenge Plaintiff raises is that the ALJ did not adequately assess her credibility. Plaintiff argues that the ALJ did not properly assess her credibility because he referred to the law of the Ninth Circuit Court of Appeals, as the ALJ hearing the case was from San Diego, California, and because the ALJ "relied too heavily on the medical records" in order to discount her testimony. The main concern is that because the ALJ was from a different jurisdiction, he may not have properly assessed her credibility under *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). The ALJ found that Plaintiff's credibility was undermined by the fact that she was not taking "the type of pain medication associated with severe disabling pain," multiple x-rays came back with negative or unremarkable findings, she has not been recommended for physical therapy or other 'significant treatment,' and it was noted in the record that she was exaggerating her symptoms and limitations, among other findings set forth by the ALJ. These reasons are accepted reasons in the Eighth Circuit for an ALJ to determine that a claimant's testimony is not credible. *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (noting that an ALJ may utilize evidence of a claimant's symptom exaggeration documented in the record in assessing the claimant's credibility); *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001) (noting that the "absence of objective medical evidence to support" a claimant's complaints undermines the claimant's credibility); *Moore v. Astrue*, 572 F.3d 520, 525 (8th Cir. 2009) (affirming an ALJ's credibility assessment finding the claimant was not credible in part because she received conservative treatment).

As the ALJ articulated reasons supporting his credibility analysis that are supported by the record, it is difficult to see how the ALJ erred even though he purportedly relied on the law of the Ninth Circuit. The Eighth Circuit has previously dealt with a similar issue in *Randolph v. Barnhart*, 386 F.3d 835, 841-42 (8th Cir. 2004) wherein the claimant filed an application for disability benefits in Louisiana. When her case went before the Appeals Council, she relocated to Nebraska, rendering

9

the Eighth Circuit the proper jurisdiction for her appeal to the federal courts. *Id.* at 837 n.2-3. Although Eighth Circuit law did not bind the ALJ because the case originated under the law of the Fifth Circuit, the Court in *Randolph* specifically noted that "[n]evertheless, the ALJ reviewed Randolph's testimony in light of the applicable regulations which largely mirror *Polaski* ...," and therefore the ALJ "did not violate the *Polaski* requirements. *Id.* at 842. This same reasoning applies in this case. As the ALJ's credibility determination was proper, thoroughly discussed and supported by the evidence in the record, Plaintiff's challenge to the ALJ's credibility determination is without merit.

## CONCLUSION

For the reasons discussed above, the Court **AFFIRMS** the decision of the ALJ.

**IT IS SO ORDERED.**

DATED: January 31, 2012              */s/ Richard E. Dorr*
                                     RICHARD E. DORR, JUDGE
                                     UNITED STATES DISTRICT COURT